# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.:

| | |
|---|---|
| Josie Beeson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage; and Trans Union LLC,<br><br>　　　　　Defendants. | **COMPLAINT WITH JURY TRIAL DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.* and supplemental jurisdiction exists for the State Law claims pursuant to 28 U.S.C. §1367.

## PARTIES

2. Plaintiff Josie Beeson, is a natural person who resides in the City of Cottage Grove, County of Washington, in the State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage (hereinafter "Defendant Wells") is a national bank doing business in the state of Minnesota. Its principal place of business is 101 North Phillips Avenue, Sioux Falls, South Dakota 57104. Defendant Wells Fargo is a "subscriber" that pays credit-reporting companies for personal information on consumers. It is a credit grantor and furnisher within the meaning of 15 U.S.C. §1681 *et seq*.

4. Defendant Trans Union LLC (hereinafter "Defendant Trans Union") is a foreign corporation incorporated under the laws of Delaware and is authorized to do business in

-2-

the state of California. It has its principal place of business at 555 West Adams, Chicago, IL. It is a consumer credit reporting agency as defined by 15 U.S.C. §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the Act, to third parties.

## FACTUAL ALLEGATIONS

5. Plaintiff opened a home mortgage account number 1475939 with Defendant Wells Fargo beginning in December of 1993.

6. Plaintiff's Wells Fargo loan was paid in full in August of 2002.

7. Despite this fact Defendant Wells Fargo erroneously began reporting Plaintiff's account number 1475939 to the credit reporting agencies (Experian, Equifax and Defendant Trans Union) as past due.

8. The false and derogatory reporting by Defendant Wells Fargo about Plaintiff's mortgage reached disastrous proportions when it began reporting the account number 1475939 as in foreclosure.

9. The false and derogatory late payment history was initially reported by Defendant Wells Fargo in or about July of 2003.

10. Plaintiff repeatedly disputed the erroneous information with Defendant Wells Fargo and despite on going promises to change or update the false information the damaging reporting remained.

11. In November of 2004 Plaintiff disputed with Defendant Trans Union about the Defendant Wells Fargo account.

12. Defendant Trans Union failed to remove the false information and instead relied on the unreasonable investigation of Defendant Wells Fargo which knew that the late payments post payoff in August of 2002.

13. Upon information and belief, Defendant Trans Union, in addition to being put on notice by Plaintiff of the false Defendant Wells Fargo reporting, had previously been notified by Defendant Wells Fargo that the loan had been paid off in 2002 and therefore any reporting of payment history post 2002 would be false and impossible.

14. As a result of the false reporting by Defendants Wells Fargo and Trans Union Plaintiff was denied the most favorable credit terms when attempting to obtain credit in 2004.

15. Plaintiff has suffered out of pocket loss and emotional distress.

16. Defendant Wells Fargo acted with malice and intentional disregard when it continued to report the false and derogatory payment information related to Plaintiff's account number 1475939.

17. The false reporting reached such a devastating level that Plaintiff was forced to contact the Minnesota Attorney General for help.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681, ET SEQ. - DEFENDANT TRANS UNION

19. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

20. Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

21. Defendant Trans Union willfully violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information.

22. Defendant Trans Union have negligently violated the Fair Credit Reporting Act by failing to employ reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports, which it disseminated to third persons.

23. Defendant Trans Union have negligently violated the Fair Credit Reporting Act by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information.

24. As a result of Defendant Trans Union's conduct, action and inaction, Plaintiff was unable to secure credit.

25. As a result of Defendant Trans Union's conduct, action and inaction, Plaintiff has suffered emotional distress, humiliation and mental anguish and damages to her credit worthiness, which is defamation per se.

26. Defendant Trans Union's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n of the Act.

27. Plaintiff is entitled to recover costs and attorney fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o of the Act.

## COUNT II.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT §1681, ET SEQ. - DEFENDANT WELLS FARGO

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

29. Defendant Wells Fargo is a furnisher of consumer information pursuant to 15 U.S.C §1681e (d)(1)(A).

30. Defendant Wells Fargo communicated false consumer information regarding Plaintiff to Defendants and third parties and verified it as true and accurate such that Defendant Wells Fargo communicated to Plaintiff that this inaccurate tradeline would remain on her credit report.

31. Defendant Wells Fargo willfully violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the disputed information, failing to review all relevant information provided by Defendant, failing to report the results of the investigation to a consumer-reporting agency.

32. Defendant Wells Fargo's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n of the Act.

33. Plaintiff is entitled to recover costs and attorney fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III.

## CREDIT DEFAMATION – DEFENDANT WELLS FARGO

34. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

35. Defendant Wells Fargo's foregoing deliberate and malicious actions including, but not limited to, reporting errors on Plaintiff's credit report, constitutes credit defamation in violation of Minnesota law.

36. As a result of Defendant Wells Fargo's credit defamation, Plaintiff has suffered detriment to her reputation and a bad credit rating resulting in an inability to obtain credit; mental anguish, anxiety, and humiliation in an amount to be determined at trial.

37. Plaintiff will prove the damages suffered as a result of Defendant Wells Fargo's conduct in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against these Defendants for:

- actual damages in an amount greater than $10,000 against Defendants;
- statutory punitive damages in an amount greater than $10,000 against each Defendants;
- actual damages from each and every Defendant for the emotional distress suffered as a result of the FCRA violations in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated this 3rd day of June, 2005.     **CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: (651) 770-9707
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF RAMSEY )

    I, Josie Beeson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                  s/Josie Beeson
                                                  Josie Beeson

Subscribed and sworn to before me
this 24 day of May, 2005.

s/Jean B. Titel
Notary Public